**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**ROBERT HARPER JR.,
MICHAEL B. JAMES,
TED MORRISTON, JAMES TREADWAY,
JOHN O'NEAL & CLIFTON SCOTT,**

    **Plaintiff,**

v.                                              Civil Action No: 2:11-cv-0305
                                                       (Judge_____)

**MASSEY ENERGY COMPANY**,

    **Defendant.**

## COMPLAINT

    Plaintiffs allege and say as follows:

1. That this is an action brought by the Plaintiffs on behalf of themselves and others similarly situated to recover damages due and owing to them as a direct result of the defendants violation of Federal law known as the Fair Labor Standards Act for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6. This is an individual action, as well as a proposed collective action under 29 U.S.C. §216(b), for money damages, liquidated damages equal to the amount owed, costs, injunctive relief and attorneys' fees and other relief as a result of Defendant's commonly applied policy and practice of designating Plaintiff and other similarly situated employees who were not paid overtime in violation of federal and state wage and hour laws.

Plaintiffs bring this action in their individual capacity and as a class representative on behalf of all other similarly situated individual employee of the defendant who were similarly affected by defendant's violation of the Act.

2. That the plaintiff, Robert R. Harper, Jr. at all times material hereto, was a citizen and resident of Putnam county, West Virginia and was employed by Massey Energy Company.

3. That the plaintiff, Ted Morriston at all times material hereto, was a citizen and resident of Nicholas county, West Virginia and was employed by Massey Energy Company.

4. That the plaintiff, James Treadway at all times material hereto, was a citizen and resident of Fayette county, West Virginia and was employed by Massey Energy Company.

5. That the plaintiff, Michael Brandon James at all times material hereto, was a citizen and resident of Kanawha county, West Virginia and was employed by Massey Energy Company.

6. That the plaintiff, John O'Neal at all times material hereto, was a citizen and resident of Kanawha county, West Virginia and was employed by Massey Energy Company.

7. That the plaintiff, Clifton Scott at all times material hereto, was a citizen and resident of Kanawha county, West Virginia and was employed by Massey Energy Company.

8. That at all times alleged herein, Massey Energy Company, was a Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, Massey Energy Company operates various places of business within the Southern District of West Virginia and is within the jurisdiction of this Court. Further, Massey Energy Company is an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

9. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 216(b).

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendants may be found in this district and the challenged conduct occurred in this state.

11. Plaintiffs sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiff and the putative class are similarly situated in that they are all subject to Defendants common plan or practice of not paying minimum wage and other violations of said Act.

12. That during these times, the Defendants were fully aware of the exact duties and responsibilities assigned to Plaintiffs and knew or should have known that they were therefore illegally not paid minimum wage.

13. That during these times, Defendants were also fully aware of the law regarding the payment of minimum wage.

14. Despite this knowledge Defendants willfully, and or negligently, failed and refused to correct its illegal actions and to pay minimum wage to said plaintiffs.

15. That in addition during this time the Plaintiffs frequently worked more than 40 hours each week, but, despite their non-exempt job duties, they were never paid wages for hours actually worked in excess of forty (40) hours per week.

16. That the plaintiff, Robert R. Harper, Jr., began employment with Massey Energy Company on May 1, 2008, and was continuously employed thereafter until the plaintiff, Robert R. Harper, Jr.'s, employment was terminated on November 1, 2009.

17. That the plaintiff, Michael Brandon James, began employment with Massey Energy Company on November 1, 2004, and was continuously employed thereafter until the plaintiff, Michael Brandon James's, employment was terminated on December 1, 2009.

18. That the plaintiff, Ted Morriston, began employment with Massey Energy Company on March 31, 2008, and was continuously employed thereafter until the plaintiff, Ted Morriston's, employment was terminated on November 17, 2009.

19. That the plaintiff, John O'Neal, began employment with Massey Energy Company on August 1, 2006, and was continuously employed thereafter until the plaintiff, John O'Neal's, employment was terminated on March 19, 2009.

20. That the plaintiff, James Treadway, began employment with Massey Energy Company on April 20, 20007 and was continuously employed thereafter.

21. That the plaintiff, Clifton Scott, began employment with Massey Energy Company on June 1, 2005, and was continuously employed thereafter until the plaintiff, Clifton Scott's, employment was terminated on July 1, 2009.

22. That without limitation, the defendant would make the following specific wage and hour violations.
    a. would have the employees report to work to attend meetings without payment;
    b. Would have the employees do pre-trip inspections off the clock and without payment;
    c. Would have the employees do post-trip inspections off the clock and without payment;
    d. Wwould have the employees travel to and from the from the start of work to the site of equipment without payment;

23. That Massey Energy Company in violation of said of both Federal and State law failed to pay plaintiffs' wages and benefits due and owing, which were earned by said plaintiffs.

## COUNT ONE

### INDIVIDUAL CLAIM FOR VIOLATION OF THE
### FAIR LABOR STANDARDS ACT

24. That the preceding paragraphs are realleged as if restated herein.

25. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO

### COLLECTIVE ACTION CLAIM FOR
### VIOLATION OF THE FAIR LABOR STANDARDS ACT ON
### BEHALF OF PLAINTIFF AND ALL OTHER SIMILARLY
### SITUATED EMPLOYEES, CURRENT OR FORMER

26. That the preceding paragraphs are realleged as if restated herein.

27. Based on the foregoing, Defendant's conduct in this regard was a violation of the Federal Fair Labor Standards Act and entitles Plaintiffs to compensation for all hours in which they were not paid minimum wage, overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT THREE

### VIOLATION OF THE WEST VIRGINIA
### WAGE PAYMENT AND COLLECTION ACT
### 21-5 et seq.

28. That the preceding paragraphs are realleged as if restated herein.

29. That this is an action brought by the Plaintiffs on behalf of themselves and others similarly situated to recover damages due and owing to them as a direct result of the defendants' violation of the "West Virginia Wage Payment and Collection Act" (hereinafter W.Va. Act), Chapter 21, Article 5, et seq., West Virginia Code.

30. That the named plaintiffs institute these proceedings and invoke the jurisdiction of this Court to obtain wages due, liquidated damages, interest and any other legal or equitable relief as the Court deems appropriate, including general damages, as well as an award of reasonable attorney fees and costs all arising from defendant's failure to compensate the plaintiff and others in violation of the "West Virginia Wage Payment and Collection Act" (hereinafter W.Va. Act), Chapter 21, Article 5, et seq., West Virginia Code.

31. This action is brought for individual claims of the named plaintiffs and pursuant to West Virginia Rules of Civil Procedure, Rule 23 as a class action on behalf of the named plaintiffs and on behalf of all employees who were not paid wages or

benefits due and owing to them as a direct result of the defendants' violation of the "West Virginia Wage Payment and Collection Act" (hereinafter W.Va. Act), Chapter 21, Article 5, et seq., West Virginia Code.

32. That it is the public policy of the State of West Virginia that every person, firm or corporation doing business in this State to pay wages due to employees and that the failure to so settle is contrary to the principles of freedom and equality of opportunity and is destructive to a free and democratic society.

33. That whenever a person, firm or corporation discharges an employee, such person, firm or corporation shall pay the employee's wages in full within seventy-two hours or if a person resigns by the next pay period. **W. Va. Code § 21-5-4**.

34. That Massey Energy Company in violation of said W.Va. Act failed to pay any plaintiff who is no longer employed as stated herein, wages due and owing, within seventy-two hours which were earned by the plaintiff or by the next pay period.

35. That as a direct and proximate result of defendant's failure to pay the plaintiffs, wages in violation of said W.Va. Act, the plaintiffs are entitled to an award of the wages due, plus interest.

36. That as a direct and proximate result of defendant's failure to pay the plaintiffs, wages in violation of said W. Va. Act, the plaintiff are entitled, in addition to the actual wages, liquidated damages in an amount which was unpaid when due, for three times that unpaid amount as liquidated damages. **W. Va. Code § 21-5-4(e)**.

37. That as a direct and proximate result of defendant's failure to pay the plaintiffs, wages in violation of said W. Va. Act, the plaintiff are entitled to reasonable attorney fees and costs.

*WHEREFORE*, the plaintiffs demand:

1. Judgment against the defendants for an amount equal to loss of all wages, plus interest;
2. Liquidated damages;
3. Attorney fees and costs; and

Such further equitable and legal relief as this Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY.

          **ROBERT HARPER JR.,**
          **MICHAEL B. JAMES,**
          **TED MORRISTON, JAMES TREADWAY,**
          <u>**JOHN O'NEAL & CLIFTON SCOTT**</u>
          By Counsel


*s/ J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
**George B. Morrone, III State Bar # 4980**
RANSON LAW OFFICES
1562 Kanawha Blvd., East
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304) 345-1990


**G. Patrick Jacobs, State Bar # 1867**
Jacobs Law Offices
7020 MacCorkle Ave. S.E.
Charleston, WV 25304